**Siteri MARAVOU; Merewalesi Adivukivu Ki Maravou; Mosese Maravou, Petitioners,**

**v.**

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–75110.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 15, 2006.

Martha L. Cordoba, Esq., Attorney at Law, San Francisco, CA, for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, OIL, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Gretchen M. Wolfinger, Esq., U.S. Department of Justice, Tax Division, Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: LEAVY, GOULD and CLIFTON, Circuit Judges.

### MEMORANDUM **

Siteri Maravou, her husband Mosese Maravou and their daughter, Merewalesi Adivukivu Ki Maravou, all natives and citizens of Fiji, petition for review of the Board of Immigration Appeals' ("BIA") order affirming without opinion an immigration judge's ("IJ") decision denying their applications for asylum. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the agency's factual findings for substantial evidence, and reverse only if the evidence compels a contrary finding. *See Halaim v. INS*, 358 F.3d 1128, 1131 (9th Cir.2004). We deny the petition for review.

 The petitioners' testimony regarding their brief detentions during and immediately after the 1987 coup does not compel a finding of past persecution. *See id.* at 1132 (stating that "[p]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive") (internal quotations omitted). Moreover, that the petitioners were fired from their respective jobs allegedly as a result of their political opinions does not amount to past persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir.2003) ("That Nagoulko was fired from her job as a kindergarten teacher because of her religious beliefs, while discriminatory, is not the type of economic deprivation that rises to the level of persecution."). Similarly, neither the unfulfilled threats directed at Siteri nor the rocks thrown at their home constitute past persecution. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1153–54 (9th Cir.2005) (holding "serious" but anonymous threats coupled with

harassment and de minimis property damage did not constitute persecution). Finally, the petitioners' claims of broad ethnic tensions in Fiji are insufficient to establish a well-founded fear of persecution. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.2000).

### PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

